UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFFREY W. CONYER,

        Plaintiff,

      v.                                   CAUSE NO. 3:23-CV-325 DRL-MGG

FOREST RIVER, INC., and CAMPING
WORLD RV SALES, LLC,

        Defendants.

OPINION AND ORDER

Jeffrey Conyer purchased a 2022 Forest River Wolf Pack from Stout's RV Center, LLC d/b/a Camping World RV Sales in 2022. He sues Camping World and Forest River, Inc. for breach of contract and warranty. Camping World moves to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6). Mr. Conyer declined a response. The court grants the motion.

BACKGROUND

On April 30, 2022, Mr. Conyer purchased a 2022 Forest River Wolf Pack from Camping World [ECF 10-1 at 1]. The purchase agreement states in bold language on the first page that "ALL VEHICLES ARE SOLD 'AS-IS,' WITH NO EXPRESS OR IMPLIED WARRANTIES FROM DEALER" [*id.*]. The first page also states that "Dealer makes no guarantee or warranty, express or implied" [*id.*]. Additionally, "DEALER HEREBY DISCLAIMS AND EXCLUDES FROM THIS SALE ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTY OF MERCHANTIBILITY AND THE IMPLIED WARRANTY OF FITNESS" [*id.*]. The second page of the purchase agreement contains a similar disclaimer and states that the buyer's sole remedy for defects lies in any existing written manufacturer's warranty [*id.* 2, ¶ 10]. The first page states that "no manufacturer(s) can make any representation, agreement, inducement, or warranty,

which is binding upon or enforceable against Dealer" [*id.* 1]. The purchase agreement contains a clause that both pages of the agreement "comprise the entire agreement between Buyer(s) and Dealer" [*id.*].

Mr. Conyer alleges he discovered several defects with the unit after his purchase [ECF 1 ¶ 14]. He took the unit to Forest River and Camping World for repair, though the companies failed to repair the vehicle in conformity with the implied warranty of merchantability [*id.* ¶ 15]. They also failed to repair defects in material and workmanship, and Mr. Conyer alleges that express warranties were made by the defendants that such defects would be repaired [*id.* ¶¶ 11, 15]. This suit followed.

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

Generally, if a party attaches evidence outside the pleadings in a motion to dismiss, "the court must either convert [the motion] into a motion for summary judgment under Rule 56…or exclude the documents attached to the motion to dismiss and continue under Rule 12." *188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (citation omitted). There are narrow exceptions—one that a

dismissal motion can rest on critical documents, central to the claim and referenced in the complaint. *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *188 LLC*, 300 F.3d at 735.

DISCUSSION

The motion to dismiss relies on Indiana law. This is in keeping with the choice of law provision in the purchase agreement, which says it will be interpreted under the laws of the state in which the dealer is located (Indianapolis, Indiana). Seeing no reason to apply another state's law, and presented with no conflict that would require analysis, the court honors this choice of law. *See Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009); *see also McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014); *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004).

Under Indiana law, to prevail on an express warranty claim, a plaintiff must prove (1) the existence of a warranty, (2) a breach, (3) causation, and (4) damages. *Celina Ins. Co. v. Indianapolis Roofing & Sheet Metal Corp.*, 953 N.E.2d 679, 679 (Ind. Ct. App. 2011); *Litsinger v. Forest River, Inc.*, 536 F. Supp.3d 334, 364 (N.D. Ind. 2021). "Any affirmation of fact or promise made by the seller to the buyer [that] relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." Ind. Code § 26-1-2-313(1). A seller breaches an express warranty when the goods do not conform to the warranty. *See Martin v. Thor Motor Coach Inc.*, 602 F. Supp.3d 1087, 1094-95 (N.D. Ind. 2022).

"Unless excluded or modified (IC 26-1-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Ind. Code § 26-1-2-314(1). "[T]o exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous." Ind. Code. § 26-1-2-316(2). A disclaimer in "large type," *Roberts v. Homelite Div. of Textron, Inc.*, 649 F. Supp. 1440, 1444 (N.D. Ind. 1986), and "bold face type," *Hahn v. Ford Motor Co.*,

3

434 N.E.2d 943, 948 (Ind. Ct. App. 1982), is appropriately conspicuous. This isn't a situation in which implied warranties cannot be disclaimed. *See* 15 U.S.C. § 2308(a).

Camping World argues that it effectively disclaimed all warranties through conspicuous language in multiple places in the purchase agreement. Indeed, both pages of the agreement contain clear, bold, and underlined language disclaiming express and implied warranties, including the implied warranty of merchantability by name. There can be no debate that these warranties are effectively excluded by the purchase agreement.

Camping World also argues that there is no express warranty in the purchase agreement. A review of the purchase agreement shows that to be true. The complaint also refers to promotional materials that the unit would be free from "inherent risk of failure or latent defects" and an express written warranty that the unit would be free of defects in materials and work quality at the time of delivery, but the complaint refers to Forest River only in connection with the creation of the express warranties. Though the complaint levels a breach of warranty claim against both defendants, the purchase agreement says in two locations that the dealer is not the agent or principal of the manufacturer [ECF 10-1 at 1, 2 ¶ 7]. The agreement also says "no manufacturer(s) can make any representation, agreement, inducement, or warranty, which is binding upon or enforceable against Dealer" [*id.* 1]. Further, the purchase agreement says no other agreements were relied upon by the buyer and aren't enforceable against Camping World [*id.*]. The court "will apply the plain and ordinary meaning of that language and enforce the contract according to those terms." *Haegert v. Univ. of Evansville*, 977 N.E.2d 924, 937 (Ind. 2012). Mr. Conyer has no breach of warranty claim against Camping World.

The breach of contract claim is interwoven with the same allegations as the express warranty claim [*see* ECF 1 ¶¶ 27-31]. Without a broken obligation arising from the contract, Mr. Conyer cannot proceed with a breach of contract claim against Camping World. *See Berg v. Berg*, 170 N.E.3d 224, 231

(Ind. 2021) ("The essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages.").

Finally, the MMWA "does not provide an independent basis for liability; it only provides for federal jurisdiction for [the] state claims." *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001). An MMWA claim rises and falls with the underlying state law claim. *Id.* The court thus dismisses the MMWA claim against Camping World for the same reasons as the express and implied warranty claims. There is seemingly no cause to permit an amendment, particularly given the lack of response to the motion to dismiss, so the court grants the request for a dismissal with prejudice.

## CONCLUSION

Accordingly, the court GRANTS Camping World's motion to dismiss [ECF 9] and DISMISSES WITH PREJUDICE Mr. Conyer's claims against Camping World. Mr. Conyer's claims against Forest River proceed.

SO ORDERED.

August 17, 2023

*s/ Damon R. Leichty*
Judge, United States District Court